803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LINDA GENTRY, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-5751.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1986.
 
 BEFORE: KEITH and MERRITT, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, Linda Gentry, filed applications for a period of disability insurance benefits and supplemental security benefits alleging disability from May 1980. Both applications were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ), and benefits were again denied. This decision was affirmed by the Appeals Council (AC) on September 24, 1982.
 
 
 2
 On July 13, 1983, the district court remanded the case for supplemental hearing and redetermination. On February 25, 1984, the AC vacated its denial of appellant's review and vacated the ALJ's prior decision, and remanded the claims to the ALJ for further proceedings.
 
 
 3
 The ALJ found that appellant had several severe impairments including bile gastritis, hypertension, mitral value prolapse with intermittent sinus tachycardia, tension vascular headaches, asthma and musculoskeletal pain syndrome. He also found that none of these impairments were listed in Appendix 1 in 20 C.F.R., Part 404, Subpart P, nor were they in combination the equivalent of a listed impairment. He further found that: (1) appellant's testimony was not credible and that she did not suffer from significant restrictive pain; (2) appellant had the residual functional capacity to perform a full range of sedentary and wide range of light work; (3) appellant was not disabled based on her age, education and work experience.
 
 
 4
 The AC affirmed the ALJ's decision. The district court dismissed appellant's claims on cross-motions for summary judgment. For the following reasons, we affirm the district court decision.
 
 
 5
 Appellant first argues that the ALJ did not give proper weight to the testimony of lay witnesses, given the medical evidence in this case. We disagree. Perceptible weight must be given to lay testimony where it is fully supported by the reports of treating physicians. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir. 1983).
 
 
 6
 While it is true that the diagnoses reported by the examining physicians in the instant case include medical conditions which could account for the difficulties testified by appellant and her lay witnesses (regurgitation, weight loss), the hospital records indicate no difficulties of this nature during the appellant's hospitalization under medical supervision. Given this conflict in the medical records, and little medical evidence to support the symptoms appellant complains of, the ALJ was within his discretion to reject appellant's lay witness testimony as implausible.
 
 
 7
 Appellant next contends that the alleged impairments of gastritis and migraine headaches constitute non-exertional impairments which preclude the use of the grid. Again, we disagree. Non-exertional limitations preclude use of the grid only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 537 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 8
 The ALJ specifically found that appellant's allegations of her symptoms regarding vomiting lacked credibility based on the medical evidence regarding her hospitalization. Since the appellant could suffer from gastritis without experiencing the regurgitation symptoms which she complained of, mere establishment of the condition does not at the same time establish the nature of the impairment. Similarly, even if the appellant had established the existence of migraine headAches, it is incumbent on her to prove that they created the prerequisite limitations in her ability to perform significant work at the designated level. We find such proof lacking in the record.
 
 
 9
 Finally, appellant argues that substantial evidence does not support the Secretary's decision. Again, we must disagree. Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971); Kirk v. Secretary of Health and Human Services, 667 F.2d at 535. The reviewing court is to analyze the evidence taken as a whole. Kirk, 667 F.2d at 536.
 
 
 10
 The ALJ found that appellant has a "severe" impairment which would prevent her from returning to her prior employment, but that she has the residual functional capacity to perform a full range of sedentary and a wide range of light work. Applying the appellant's age, educational background and residual functional capacity to the "grid", the ALJ held that appellant was not disabled. Furthermore, the district court found that many of appellant's symptoms were not supported by clinical evidence and that no physician stated that she is disabled or cannot work. After reviewing the evidence taken as a whole and the analysis in the district court's opinion, we find that substantial evidence supports the Secretary's decision.
 
 
 11
 Accordingly, we affirm the district court decision denying benefits.